## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MAGGIE D. MCMILLAN,
             Appellant,

      v.

DEPARTMENT OF THE TREASURY,
             Agency.

DOCKET NUMBER
AT-0752-13-0560-I-1

DATE: September 4, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Janis Shelton</u>, Atlanta, Georgia, for the appellant.

<u>Robert M. Finer</u>, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction the appeal of her alleged constructive removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2　　The appellant retired pursuant to the agency's Voluntary Early Retirement Authority (VERA) and Voluntary Separation Incentive Payment (VSIP), effective May 3, 2012. Initial Appeal File (IAF), Tab 4 at 59-61, 66. On May 20, 2013, she filed a Board appeal alleging that her retirement constituted a constructive removal. IAF, Tab 1 at 2, 7-8. In particular, she alleged that she retired in response to her receipt of a January 2012 notice from the agency that proposed to remove her based on an alleged physical inability to perform the essential functions of her position, which she claimed was unjustified. *Id.* at 7-8; IAF, Tab 6, Subtab 1.

¶3　　In an initial decision issued without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 10, Initial Decision (ID) at 1. The administrative judge found, considering the totality of the circumstances, that the appellant failed to nonfrivolously allege that her retirement pursuant to the agency's VERA and VSIP programs was coerced or otherwise involuntary. ID at 10. Concerning the notice of proposed

removal, the administrative judge found that the record contained ample evidence showing that the agency had reasonable grounds to propose the appellant's removal based on her medical inability to perform the duties of her position. ID at 8.

¶4        The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. On review, the appellant challenges the administrative judge's denial of her request for a jurisdictional hearing and reasserts her argument that she retired in response to the January 2012 notice of proposed removal. *Id.* at 9-16. The agency has filed a response in opposition to the appellant's petition as well as a cross petition for review arguing that the Board lacks jurisdiction over the appeal based upon the appellant's initial election to grieve the matter. PFR File, Tab 3. The appellant has filed a reply to the agency's opposition. PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5        An appellant is entitled to a hearing on the issue of Board jurisdiction over an alleged involuntary retirement only if she makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *See Mims v. Social Security Administration*, 120 M.S.P.R. 213, ¶ 16 (2013). To prove that a retirement in the face of a proposed adverse action was involuntary, the appellant must show that the agency knew or should have known that the proposed action could not be substantiated or that the agency lacked an arguable basis for the proposed action. *See Harris v. Department of Veterans Affairs*, 114 M.S.P.R. 239, ¶ 8 (2010); *Garland v. Department of the Air Force*, 44 M.S.P.R. 537, 540 (1990).

¶6        Here, the appellant argues that the agency knew it could not substantiate its January 2012 notice of proposed removal because she was able to perform the essential functions of her position with a reasonable accommodation. PFR File, Tab 1 at 11. She argues, therefore, that she made a nonfrivolous allegation of involuntariness entitling her to a jurisdictional hearing. *Id.* at 15. Even if the appellant could prove by preponderant evidence that she was able to perform the

essential functions of her position with a reasonable accommodation, however, it would not undermine the ample record evidence showing that the agency had a reasonable basis for issuing the notice of proposed removal. *See Garland*, 44 M.S.P.R. at 540. Significantly, in proposing the removal action, the agency relied on email messages written by the appellant to agency officials stating that her medical condition prevented her from effectively performing the duties of her position. IAF, Tab 6, Subtabs 1, 3-5, 7. In addition, the appellant submitted an application for disability retirement to the Office of Personnel Management in March 2011, which she also submitted to her Team Manager for completion of the Supervisor's Statement accompanying the application.[2] IAF, Tab 4 at 6-9. Under these circumstances, we agree with the administrative judge that the appellant failed to nonfrivolously allege that her retirement pursuant to the agency's VERA and VSIP programs was coerced or otherwise involuntary, ID at 10, and that the appellant therefore was not entitled to a jurisdictional hearing, *see Mims*, 120 M.S.P.R. 213, ¶ 16.

¶7       In light of our disposition, we need not consider the agency's cross petition for review, which asserts that the Board lacks jurisdiction over the appeal under 5 U.S.C. § 7121(e). PFR File, Tab 3 at 6; *see Graves v. Department of Veterans Affairs*, 117 M.S.P.R. 491, ¶ 1 (2012).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

---

[2] The appellant withdrew her application for disability retirement on February 17, 2012, which was after the issuance of the notice of proposed removal at issue. IAF, Tab 4 at 43, Tab 6, Subtab 1.

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                 _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.